# AFFIDAVIT OF SPECIAL AGENT JENNY SHELTON
# IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Jenny Shelton, state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) assigned to the Boston, Massachusetts Field Office. Since joining the FBI in 2019, I have been assigned to a squad that investigates corporate and securities fraud, including market manipulations, financial and securities fraud, and other financial crimes. During the investigation of these cases, I have participated in the execution of search and arrest warrants and have seized items as evidence, fruit, or instrumentalities of violations of federal law. Before my assignment to the Boston Field Office, I was employed as a Special Agent with the Air Force Office of Special Investigations at Joint Base Langley-Eustis, Virginia. I hold a Bachelor's degree in International Studies from the University of Alabama and a Master's degree in International Affairs from American University.

2. The facts in this affidavit come from my personal involvement in this investigation, my training and experience, other law enforcement agents, and other sources identified below. This affidavit does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE TO BELIEVE FEDERAL CRIMES WERE COMMITTED

3. I submit this affidavit to establish probable cause in support of a criminal complaint charging JAMES COUTURE with witness tampering, in violation of 18 U.S.C. § 1512(b)(1).

### General Allegations

4. JAMES COUTURE is a resident of Massachusetts. He was the founder and owner of The Private Wealth Management Group, LLC ("PWMG"), which at relevant times

provided investment advisory services, with offices in Worcester and Springfield, Massachusetts. COUTURE also operated a third-party administrator of retirement plans, "CWM Retirement," which managed the plan of a law firm based in Worcester.

5.  On or about June 1, 2021, the United States Attorney filed criminal charges against COUTURE, based in part on his theft of $384,438.11 from the retirement account of one of his clients who had worked at a Worcester law firm, to pay another client, identified in the complaint as Victim D.

6.  That same day, the Securities and Exchange Commission ("SEC") filed a civil complaint against COUTURE in the United States District Court for the District of Massachusetts. The SEC complaint included allegations concerning COUTURE's theft of approximately $385,000 from Victim F.

7.  I have reviewed testimony of an SEC proceeding that occurred on or about November 24, 2020, several months prior to COUTURE's arrest. During that proceeding, COUTURE was asked about the transfer of roughly $385,000 from Victim F's account to the account of Victim D.

8.  I have also reviewed the testimony of an SEC proceeding that occurred on or about December 3, 2020, during which Victim F testified about COUTURE. Victim F testified that, prior to his testimony, he had advised COUTURE that he would be a witness in proceedings before the SEC.

9.  Victim F has advised law enforcement agents that, on a date unknown, but no earlier than June 11, 2021—ten days after COUTURE was criminally charged and also sued by the SEC—COUTURE gave Victim F a document purporting to show that COUTURE had paid

Victim F $393,447.01, comprising the $384,568.11 COUTURE had transferred to the account of Victim D, plus interest of $8,878.98.  The document purported to show that the payment had been made to a new retirement account in Victim F's name on or about January 21, 2020, by check, number 1146983 from the Payment Company, on transaction number 2487877.

10. I have reviewed business records from the Payment Company showing that it issued check number 1146983 in the amount $393,447, on transaction number 2487877, on or about January 1, 2021, but the transaction was a payment by COUTURE to an insurance company in Massachusetts, not a payment to a retirement account in the name of Victim F.  I have also reviewed business records from the insurance company and interviewed an insurance company representative.  Based on that information, I am aware that check number 1146983 was completely unrelated to Victim F.

11. Victim F has advised law enforcement agents—and I have reviewed text messages that confirm—that in or about July 2021, COUTURE communicated with Victim F by text message and by phone and represented to Victim F that COUTURE continued to place stock trades for Victim F and to manage a large portfolio for Victim F.

12. On or about July 22, 2021, a federal grand jury indicted COUTURE on charges of wire fraud, aggravated identity theft, and investment adviser fraud in an indictment that included allegations regarding COUTURE's theft of $384,438.11 from Victim F's retirement account to pay Victim D.

13. I am aware that, on or about July 23, 2021, a federal magistrate judge ordered COUTURE to avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the pending fraud case against him.

14. I have reviewed an email dated July 28, 2021, from an Assistant United States Attorney to the attorney representing COUTURE, identifying Victim F by name as a potential witness against COUTURE.

15. Victim F has advised law enforcement agents that, from at least July 28, 2021 to approximately December 8, 2021, COUTURE communicated to Victim F that COUTURE was continuing to manage Victim F's investments for him.

16. I have reviewed text messages indicating that on or about September 24, 2021, Victim F asked COUTURE for account information about Victim F's holdings, and asked COUTURE for a screenshot of Victim F's account. In response, COUTURE texted Victim F screenshots of a Charles Schwab account purporting to hold $3,505,475.83 in stocks and cash for Victim F.

17. In fact, based upon Charles Schwab records that I have reviewed, there was no account at Charles Schwab for Victim F in September 2021. I have reviewed records indicating that COUTURE did open an account for Victim F at Charles Schwab on or about November 1, 2021, but did not fund it.

18. Victim F has advised law enforcement agents that, in or about November 2021, COUTURE met in person with Victim F and gave Victim F a document purporting to be an "Online Schwab Portfolio Checkup" from Charles Schwab. The document stated, "For [Victim F]," and was dated November 2, 2021. The document further purported to show that Victim F had $3,585,021.14 in an "external" company retirement account that had been analyzed by Charles Schwab.

19.     I have reviewed text messages indicating that on or about December 8, 2021, Victim F confronted COUTURE about the location of Victim F's funds, and COUTURE responded by acknowledging that the $3.6 million account at Charles Schwab "doesn't exist and never has."

20.     COUTURE's statement that Charles Schwab never had any of Victim F's money contradicts the representations COUTURE made to Victim F on or about September 24, 2021 and in or about early November 2021, when COUTURE sent Victim F a document purporting to show that Victim F had $3,585,021.14 in a Charles Schwab account.

21.     COUTURE's contacts with Victim F after July 23, 2021 were in direct violation of the magistrate judge's order of that date.  Moreover, I submit that there is probable cause to believe that all of COUTURE's contacts with Victim F beginning in or about June 2021—when COUTURE learned of the criminal and civil charges against him—were intended to influence Victim F's testimony by falsely persuading Victim F that COUTURE had made Victim F whole, and was continuing to manage substantial assets on Victim F's behalf.

## CONCLUSION

22.  Based upon the evidence set forth above, as well as my knowledge, training, and experience, I submit there is probable cause to believe that from at least June 2021 to the present, JAMES COUTURE knowingly and corruptly persuaded or attempted to persuade or engaged in misleading conduct toward another person, with intent to influence or prevent the testimony of any person in an official proceeding, specifically, statements to Victim F, a witness and victim in a pending criminal case that falsely represented that COUTURE was managing and had possession and control of Victim F's retirement funds.

_____
Jenny Shelton
Special Agent
Federal Bureau of Investigation

Sworn and subscribed to before me telephonically under Fed. R. Crim. P. 4.1(a), this 14th day of January, 2022, at Boston, Massachusetts.

_____
Hon. Jennifer C. Boal
United States Magistrate Judge
District of Massachusetts